UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GULLIVER'S TAVERN, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>FRANK'S OF BROCKTON, INC.<br><br>      Defendant. | Civil Action No.: |

# COMPLAINT

Plaintiff, Gulliver's Tavern, Inc. ("Gullivers") brings this action against Defendant Frank's of Brockton, Inc. ("Franks"), as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract and trademark infringement, arising out of Franks' breach of a licensing agreement pursuant to which Gullivers licensed its "FOXY LADY" trademark to Franks for Franks' use in its business, in exchange for weekly payments of $3,000 (the "Licensing Agreement"). Franks has breached its obligation under the Licensing Agreement by failing to make payment since March of 2020. Further, despite its failure to pay as required under the Licensing Agreement, Franks has continued its use of the "FOXY LADY" mark in connection with its marketing, advertising, promotion and sale of services, thereby infringing upon Gulivers' rights as the holder of a federally registered service mark under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1) and those rights maintained by Gullivers under the common laws of the Commonwealth of Massachusetts.

## PARTIES

2. Gullivers is a Rhode Island corporation with a principal place of business at 318 Chalkstone Ave., Providence, RI 02908.

3. Franks is a Massachusetts corporation with a principal place of business at 265 North Pearl Street, Brockton, MA 02301.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and pursuant to principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b)(1), in that Franks resides in this district and § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## RELEVANT FACTS

6. Gullivers is the owner of a valid and subsisting United States service mark Registration No. 2809938 on the Principal Register in the U.S. Patent and Trademark Office for the service mark "FOXY LADY". Attached as Exhibit 1 is a true and accurate copy of a printout from the USPTO's website containing the requisite registration information.

7. Gullivers filed for registration of the "FOXY LADY" mark on August 22, 2002, for use with entertainment in the nature of live performances for an adult audience, namely, exotic dance performances. *See* Ex. 1. It obtained registration of the "FOXY LADY" mark on February 3, 2004 and the mark remains live to date and has acquired incontestable status. *Id*.

8. Gullivers, and/or its licensees, has used the "FOXY LADY" mark in commerce continuously throughout the United States since it obtained registration, in connection with the advertising, marketing, promotion and sale of services.

9. As a result of its widespread, continuous and exclusive use of the "FOXY LADY" mark to identify its services and Gullivers as the source of those services, Gullivers owns valid and subsisting federal statutory and state common law rights to the "FOXY LADY" mark.

10. Franks operates an adult entertainment club in Brockton called the Boardroom Cabaret, f/k/a the Foxy Brockton.

11. Approximately twenty years ago, Gullivers entered into an agreement with Franks whereby Gullivers would license the "FOXY LADY" mark to Franks for its use in connection with advertising, marketing, promotion and sale of services at the Foxy Brockton, in exchange for weekly payments by Franks to Gullivers of $3,000 (the "Licensing Fee").

12. Franks paid the Licensing Fee to Gullivers on a weekly basis for more than twenty years continuing on to March 20, 2020, at which point Franks ceased making payments in violation of the Licensing Agreement.

13. Gullivers has taken steps to scrupulously protect against infringement of its rights in connection with the "FOXY LADY" mark.

14. Gullivers, through counsel, sent an initial cease-and-desist letter to Franks in August of 2021, informing Franks that because of its failure to pay the Licensing Fee, Franks was no longer authorized to use the "FOXY LADY" mark and that any continued use constituted trademark infringement.

15.     Franks, through counsel, responded on August 31, 2021 with a letter of its own, stating it had "removed all signage and other references to the FOXY LADY mark . . . ." A true and accurate copy of this letter is attached as Exhibit 2.

16.     Despite the statements in this letter, Franks took insufficient steps to remove such references to Gulliver's mark. In fact, Franks continues to unlawfully use and exploit for its benefit Gullivers' "FOXY LADY" mark in connection with its business at the Boardroom Cabaret, including on its signage, its website (www.foxybrockton.com/index) and multiple subpages, all of which are under Franks' control. True and accurate copies of images depicting Franks' use of the mark are attached as Exhibit 3.

17.     Franks also prominently displays the "FOXY LADY" mark on multiple social media accounts linked to the new website for the Boardroom Cabaret. A true and accurate copy of an image depicting this twitter account is attached as Exhibit 4.

18.     On February 15, 2022, Gullivers sent Franks a second cease-and-desist letter, through counsel, concerning Franks' unlawful use and exploitation of the "FOXY LADY" mark. A true and accurate copy of this letter is attached as Exhibit 5.

19.     In this most recent letter, Gullivers demanded Franks immediately cease and desist utilizing the "FOXY LADY" mark in any way, including through the above-referenced websites, and through any other marketing, advertising or other materials relating to either the Boardroom Cabaret or the Foxy Brockton or any other internet website under Franks' control. Upon information and belief, Franks continues to use the "FOXY LADY" mark without authorization.

20.     To date, Franks owes Gullivers at least $303,000 in licensing fees, which constitutes 101 weeks of use without payment.

21. Further, Franks has profited off its unauthorized use of the 'FOXY LADY" mark, to Gullivers' detriment.

## COUNT ONE
### (Breach of Contract)

22. Gullivers repeats and realleges each of the preceding allegations as if the same were set forth fully herein.

23. Gullivers and Franks entered into the Licensing Agreement, whereby Gullivers agreed to license its "FOXY LADY" mark to Franks for Franks to use in connection with its advertising, marketing, promotion and sale of services, in exchange for weekly payments of $3,000.

24. The Licensing Agreement is a valid, binding contract.

25. Franks has breached the Licensing Agreement by failing to make said payments since at least March of 2020, amounting to $303,000 in unpaid licensing fees.

26. As a direct and proximate result of Frank's breach, Gullivers has suffered and will continue to suffer damages, in an amount to be determined at trial, but not less than $303,000.

## COUNT TWO
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Gullivers repeats and realleges the preceding allegations as if the same were set forth fully herein.

28. Gullivers and Franks entered into a valid and binding contract in the form of the Licensing Agreement, which is governed by Massachusetts law.

29. Under Massachusetts law the implied covenant of good faith and fair dealing is implied in all contracts, which requires parties to a contract to deal fairly and in good faith with one another.

991904.1

30. Franks' actions had the effect of depriving Gullivers of the benefit of the bargain to which the parties agreed in the Licensing Agreement.

31. Such conduct constitutes a breach of the implied duty of good faith and fair dealing.

32. As a direct and proximate cause of Franks' breach, Gullivers has suffered and will continue to suffer r damages, in an amount to be determined at trial, but not less than $303,000.

## COUNT THREE
### (Trademark Infringement – 15 U.S.C. § 1114(1))

33. Franks' willful unauthorized use of the "FOXY LADY" mark in connection with its advertising, marketing, promotion and sale of services constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective goods and services, or confusion or mistake as to the origin, sponsorship, or approval of the parties' respective goods and services, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Franks has committed the foregoing acts of infringement with full knowledge of Gullivers' rights in the "FOXY LADY" mark and with the willful intent to cause confusion and trade on Gullivers' goodwill.

35. Gullivers has been, is now, and will be irreparably injured if Franks is not enjoined from continuing its infringing use and advertising of the "FOXY LADY" mark in connection with its advertising, marketing, promotion and sale of similar and competitive services.

36. Gullivers is entitled to, among other relief, injunctive relief and an award of actual damages, Franks' profits from its unauthorized use of the "FOXY LADY" mark, reasonable

attorneys' fees and costs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR
### (State Trademark Infringement)

37. Gullivers repeats and realleges the preceding allegations as if the same were set forth fully herein.

38. Franks' willful unauthorized use of the "FOXY LADY" mark in connection with its advertising, marketing, promotion and sale of services is likely to cause confusion, cause mistake, or deceive consumers or potential consumers in violation of Massachusetts common law.

39. Upon information and belief, Franks' actions as described above have at all times relevant to this action been willful.

40. Gullivers has been, is now, and will be irreparably injured if Franks is not enjoined from continuing its infringing use of the "FOXY LADY" mark in connection with its advertising, marketing, promotion and sale of similar and competitive services.

41. Gullivers is entitled to, among other relief, injunctive relief and an award of actual damages and Franks' profits from its unauthorized use of the "FOXY LADY" mark, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests this Honorable Court award it the following relief:

A. Enter judgment in its favor on Counts I and II in an amount to be determined at trial, but not less than $303,000, together with contractual and statutory interest;

B. Direct Franks to immediately cease all display, marketing, advertising and promotion incorporating the "FOXY LADY" mark, under Counts III and IV;

C. Grant Gullivers an injunction, under Counts III and IV, permanently enjoining Franks, its employees, agents, officers, directors, successors, affiliates, subsidiaries and assigns from:

1. Marketing, advertising, promoting or authorizing any third party to market, advertise or promote Franks' services bearing the "FOXY LADY" mark; and

2. Engaging in any activity that infringes upon Gullivers' rights in its 'FOXY LADY" mark;

D. Enter judgment in its favor on Counts III and IV in an amount to be determined at trial, but not less than $303,000, together with interest, reasonable attorneys' fees and costs; and

E. Any such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiffs hereby demands a trial jury on all matters so triable.

Respectfully submitted,

**GULLIVER'S TAVERN, INC.**

By its attorney,

___/s/ James E. Gallagher_____
James E. Gallagher, BBO #677588
Davis Malm & D'Agostine, P.C.,
One Boston Place, 37th Floor
Boston, MA 02108
(617) 367-2500
jgallagher@davismalm.com

Dated: May 2, 2022.